```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| ERNEST LAIL,        | No. 16-cv-6991 (NLH) (AMD) |
|---------------------|----------------------------|
|     Plaintiff,      |                            |
|     v.              | OPINION                    |
| FCI FAIRTON,        |                            |
|     Defendant.      |                            |

APPEARANCES:
Ernest Lail, #11572-057
FCI – Fairton
P.O. Box 420
Fairton, NJ 08320
    Plaintiff Pro se

HILLMAN, District Judge

   Plaintiff Ernest Lail, a prisoner presently incarcerated at Federal Correctional Institution ("FCI") Fairton in Fairton, New Jersey, seeks to bring a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against FCI Fairton and various staff members employed there and at other Bureau of Prisons ("B.O.P.") facilities. Plaintiff alleges a variety of grievances in his Complaint, including theft, physical abuse, mail tampering, and unlawful detention.

   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

After filing his initial Complaint on October 11, 2016, ECF No. 1, Plaintiff thereafter provided additional information regarding his claims by letter and exhibits, ECF No. 6. The Court will construe both documents together as the Complaint for the purposes of this screening.[1]

Plaintiff alleges that in January 2006, B.O.P. staff opened Plaintiff's mail and stole from it stock certificates and a patent for an electrical magnetic generator, from which, according to Plaintiff, B.O.P. staff continue to profit. ECF No. 6 at 2. In addition, Plaintiff alleges that B.O.P. staff are utilizing Plaintiff's credit card, which has a value of one billion dollars, ECF No. 6 at 9, and that approximately

---

[1] As noted below, the Court will grant Plaintiff leave to amend his Complaint if he is able to cure the deficiencies noted. However, Plaintiff is reminded that ordinarily pleadings may not be supplemented by letter, briefs, or other submissions. Any proposed amended complaint must contain all of Plaintiff's factual allegations and legal claims in one short and plain statement. Fed.R.Civ.P. 8(a).

2

$965,000.00 has been stolen by B.O.P. employees, ECF No. 1 at 2, from Plaintiff's bank account, see ECF No. 6 at 3.[2]

Plaintiff also alleges that between September 2008 and September 2009, BOP staff created and sold for a profit to various television networks a mini-series starring Plaintiff. ECF No. 6 at 4–6.[3] In addition, Plaintiff alleges that BOP staff put his music on CDs in 2011. ECF No. 6 at 6.

As to Plaintiff's allegations regarding mistreatment and abuse, Plaintiff alleges that between 2010 and 2011, he was the victim of unspecified brutality as well as "high speed camera and electricity to face and eyes." ECF No. 6 at 7. In addition, Plaintiff states that "[s]ince January of 2009 FCI Estill, S.C.[,] Lt. Watson and B.O.P. staff have used electricity on me and abused me 24 hours of every day for eight years."[4] ECF No. 6 at 8. Plaintiff also states that he received serious burns from "a taser and high level stun gun [from] date 1/15/2009 until 2012." ECF No. 1 at 2.

---

[2] Plaintiff also alleges that in 2006 he failed to receive $178.00 in commissary account money and $500.00 he should have received from "being in prison since 1985." ECF No. 6 at 3.

[3] Plaintiff references "sold creative design Watson Enterprises Stick Dancers with music for 300 million 2015 or 2016 Superbowl Commercial Contest." ECF No. 6 at 6. This indecipherable statement does not appear to be an allegation in support of any claim.

[4] Despite this allegation of continuing abuse at FCI Estill, it appears that Plaintiff has been incarcerated at FCI Fairton since April 4, 2013. See ECF No. 6 at 1.

3

Next, Plaintiff alleges that B.O.P. employees interfered with his incoming and outgoing mail, which prevented him from accessing the courts in violation of the First Amendment. See ECF No. 1 at 1. Plaintiff provides detailed lists of his mailing attempts which include each date on which Plaintiff mailed a letter. The most recent date on which Plaintiff attempted to mail a letter to an attorney or to various government agencies and officials appears to be August 5, 2013. See ECF No. 6-1, at 19–27 (listing addressees and dates of attempted mailing).

Finally, as to Plaintiff's unlawful detention, Plaintiff alleges that his sentence was to end on August 21, 2016, however he is still being incarcerated.[5] ECF No. 1 at 1. Given Plaintiff's allegation regarding his detention, the Court construes his claim to be one challenging the execution of his sentence. Such a claim must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (noting that federal prisoners who wish to challenge the execution of their sentence must proceed under § 2241). Furthermore, as Plaintiff's sole

---

[5] The Court takes judicial notice that Plaintiff is separately challenging his detention, for the same reasons as those raised in the Complaint, pursuant to a 28 U.S.C. § 2255 motion in the U.S. District Court for the Western District of Arkansas, Nos. 2:17-cv-2046 (§ 2255 motion) and No. 2:07-cr-20028 (criminal case), which is his sentencing court.

4

requested remedy is monetary damages, this claim would be barred pursuant to Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), which bars monetary damage claims unless the allegedly unconstitutional imprisonment has been, inter alia, reversed on appeal or called into question by the issuance of a writ of habeas corpus.  To the extent that Plaintiff wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated.  See ECF No. 5 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

The factual allegations contained in the Complaint demonstrate that Plaintiff's claims are time barred. As such, Plaintiff fails to state any claim upon which relief may be granted, and the Complaint must be dismissed. The Court, however, will grant leave to amend limited to the statute of limitations issue.

The statute of limitations for a Bivens action is governed by the pertinent state's limitations period for personal injury claims. Peguero v. Meyer, 520 F. App'x 58, 60 (3d Cir. 2013) ("A Bivens claim, like a claim pursuant to § 1983, is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims.").

Here, the claims are alleged to have occurred in either New Jersey (FCI Fairton), California (FCI Herlong and FCI Victorville), or South Carolina (FCI Estill), and between the time period of 2006 and August 5, 2013. It is unnecessary to determine which state's statute of limitations should apply to which claims, because all of Plaintiff's claims appear to be time barred under either New Jersey and California's two-year or South Carolina's three-year limitations period for personal injury claims.[6] See N.J. Stat. § 2A:14-2(a); Cal. Code Civ. P. 335.1; S.C. Code Ann. § 15-3-530.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to address the statute of limitations issue, including tolling.[7]

---

[6] "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" Montanez v. Sec'y Pa. Dep't of Corrs., 773 F.3d 472, 480 (3d Cir. 2014) (quoting Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir.1994) ("[a] claim accrues . . . as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury . . . not upon awareness that this injury constitutes a legal wrong"). Here, the injuries alleged to have been incurred by Plaintiff are the sort that would have been knowable when the alleged wrongful conduct occurred.

[7] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's

7

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim, with leave to amend granted. An appropriate order follows.

Dated: December 21, 2017          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).

8